1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  Jessica C. Covington (SBN 301816)
   jcovington@blakelylawgroup.com
4  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
5  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
6  Facsimile: (310) 546-7401

7  *Attorneys for Plaintiff*
   *Deckers Outdoor Corporation*
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>TARGET CORPORATION, a Minnesota Corporation; NINA FOOTWEAR CORP. dba NINA SHOES, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>   Defendants. | CASE NO. 2:16-cv-06925-BRO (ASx)<br><br>**ORDER RE PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE** |

**WHERAS Plaintiff Deckers Outdoor Corporation** ("Deckers" or "Plaintiff") having filed a Complaint in this action charging **Defendant Nina Footwear Corp. dba Nina Shoes** ("Defendant") with Patent Infringement arising from Defendant's manufacture, distribution, promotion, advertisement, offering for sale, and/or sale of footwear, the design of which Deckers has alleged infringes upon its '999 Patent (defined below). The products which Deckers has alleged infringe upon its '999 Patent are identified by the Style Name "KIYA" (hereinafter "Accused Products"); an example of which is shown below:



    **WHEREAS**, the parties hereto desiring to fully settle all of claims in this action between them; and

    **WHEREAS**, the parties herein have simultaneously entered into a Settlement Agreement and Mutual Release,

    **WHEREAS** Defendant has stipulated to and the parties have agreed to the below terms of a permanent injunction, **IT IS HEREBY ORDERED** that:

    1.    This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

    2.    Defendant and its agents, servants, employees, successors, and assigns are hereby permanently restrained and enjoined from:

        (a)    Manufacturing, producing, distributing, selling, offering for sale, importing, exporting, advertising, promoting, and/or marketing the Accused Products;

        (b)    Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraph 2(a) above.

    3.    Plaintiff and Defendant shall bear their own costs and attorneys' fees associated with this action.

    4.    The execution of this Consent Judgment shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of Deckers' claims against Defendant shall not have preclusive effect on those who are not specifically released herein, all claims against whom Plaintiff expressly reserves.

5. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Consent Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, Deckers' claims against Defendant Nina Footwear Corp. are fully resolved with prejudice.

IT IS SO ORDERED.

DATED: June 29, 2017

By: _____
Honorable Beverly R. O'Connell
United States District Court Judge